**THE DODDS LAW FIRM, PLC**
Dan R. Dodds (#024368)
W. Sean Whitaker (#031269)
**Tejay Coon (#033517)**
14239 W. Bell Rd., Suite 108
Surprise, Arizona 85374
Telephone:     623-544-2980
Facsimile:      623-544-2874
**tejay@doddslaw.com**
*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley, *et al.*, | Civ. No. 2:19-cv-04347-09-JJT |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF FRCP 12(e) MOTION FOR A MORE DEFINITE STATEMENT |
| v. | |
| Patriot Movement AZ; *et al*, | |
| Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LAURA DAMASCO'S MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 12(e), defendant Laura Damasco ("Damasco") requests that this Court order Plaintiffs to provide a more definite statement of their Complaint, because it contains ambiguities that prevent Damasco from reasonably addressing whether Plaintiffs have standing and whether this court has jurisdiction to hear the claims alleged in this case.

In their Complaint, Plaintiffs claim that Damasco conspired to violate civil rights and committed discriminatory interference with property rights in violation of 42 U.S.C. §1985(3), 42 U.S.C § 1982 and the Thirteenth Amendment of United States Constitution.

Such claims are based on allegations that certain named Defendants coordinated protests on certain properties owned by individual Plaintiffs. Plaintiffs claim that such actions were motivated by racial animus. Both claims simply state that "Defendants" violated "Plaintiffs" rights. However, it is clear from the factual allegations set forth in the complaint that not all Defendants were involved in the alleged events and, similarly, not all Plaintiffs had their property rights interfered with. For example, the Complaint does not allege that Damasco ever set foot on any of the Plaintiffs' properties or that she ever vocally participated in any of the protesting.

The Complaint alleges jurisdiction for the above-listed claims under 28 U.S.C. § 1331 based on a federal questions of law. The remaining claims contained in the Complaint are Arizona state law claims, which Plaintiffs have brought pursuant 28 U.S.C. § 1367 under a theory of supplemental jurisdiction. If the court does not have proper jurisdiction over the federal claims, then it also would not have jurisdiction to hear the state law claims.

As the complaint is presently drafted Damasco cannot reasonably respond to whether each of the plaintiffs has proper standing to maintain the federal claims asserted or to determine if the Court has proper jurisdiction over the federal law claims based on the allegations against Damasco. If such standing or jurisdiction does not exist, then this case should be dismissed as to Damasco. Accordingly, the Court should order Plaintiffs to provide a more definite statement regarding the factual basis for their allegations against Damasco.

**PROCEDURAL BACKGROUND**

1. The complaint was filed on 06/04/19

2. The Summons was issued on 06/19/19

3. Motion for Extension of Time to File Answer Filed & Entered 07/16/19

4. Order on Motion for Extension of Time to Answer Filed & Entered: 07/19/19

5. After Motion to Extend Granted: 08/30/19

## PERTINENT FACTS

1. Plaintiffs are an assorted group of churches, non-profits, corporations and individuals.

2. Defendants are an assorted group of individuals and unincorporated associations.

3. In or around January 2019, Damasco attended a single event organized by the leadership of the Patriot Movement AZ ("PMAZ"). At no time during that event did Damasco intrude or attempt to intrude upon Monte Vista's private property. Upon information and belief, law enforcement was present at that event to ensure that no laws were broken.

4. Damasco has never attended any other events with either Patriot Movement AZ or AZ Patriots.

5. Damasco has never been on the property of any of the Plaintiffs, including Monte Vista.

6. Damasco has never coordinated with other named Defendants to intrude upon the property of any of the Plaintiffs.

## ARGUMENT

**I.      A More Definite Statement Is Appropriate As The Complaint Is Vague And Ambiguous Such That Damasco Cannot Reasonably Prepare A Response To The Claims Against Her.**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "'defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard University,* 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F. 2d 716, 725 (7th Cir. 1986)). Although Rule 8(a) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" the complaint must have sufficient detail to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).   A rule 12(e) motion is appropriate for "'shotgun' pleading[s],' [where] it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67, 9 Fla. L. Weekly Fed. C 878 (11th Cir. 1996) (internal citation omitted).

In *Anderson* Plaintiff filed a complaint that failed to adequately distinguish which factual allegations supported the various asserted claims. *Id.* Instead the Plaintiff incorporated all assertions of fact with each claim, therefore, making it impossible for the Defendants to reasonably distinguish The 11th circuit stated:

> "Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the

-4-

plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."

In this case, Plaintiffs similarly filed a "shotgun pleading" in that they failed to distinguish which factual allegations support which claims, but instead incorporated all factual allegations under each claim without showing how such allegations apply to Damasco (or any particular Defendant). As such, the Court should grant this motion for a more definite statement requiring Plaintiffs to allege more specifically which factual allegations in the complaint support the various claims against Damasco. More importantly, however, the court should require Plaintiffs to allege with more specificity the grounds for each claim against Damasco.

Plaintiffs' Complaint as it is currently constructed is overgeneralized and vague to the extent that it is impossible for Damasco to determine the grounds upon which each claim against her rests. *See* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Indeed, the Complaint fails to assert any factual basis for the claims brought against Damasco by the various named Plaintiffs. Instead the Complaint rests on "common allegations of fact," which outline events that, if true, may be sufficient to establish some claims by some of the Plaintiffs against some of the Defendants.

However, even if taken as true the few allegations against Damasco fail to provide even facial grounds for the claims brought against her by each of Plaintiffs. As such, Damasco cannot reasonably respond to the Complaint where there are insufficient grounds for her to even determine basic tenets of litigation such as standing, jurisdiction and venue. The Court should require that Plaintiffs provide a more definitive statement regarding the basis for standing, jurisdiction and venue as it relates specifically to Damasco.

The only specific allegations related to Damasco are that she "is a member of Patriot Movement AZ;" (Complaint p. 5 l. 26) and that she filmed a "visit [to Plaintiff Monte Vista] and posted it to her Periscope page." Complaint p. 14 l. 11. While Plaintiffs have alleged that other named Defendants have attended events and potentially trespassed at other churches, they have not alleged that Damasco participated in any way in any of those separate events. Plaintiffs have not even asserted that Damasco was involved in any way with AZ Patriots or any of their alleged actions. Damasco cannot reasonably respond regarding allegations related to other individuals' and groups' actions of which she has no knowledge. The Court should require Plaintiffs to provide a more definite statement as to factual basis for the each claim by each Plaintiff against Damasco.

Similarly, Plaintiffs have not alleged that Damasco was ever aware of, much less violated the rights of, any Plaintiff aside from Monte Vista. As such it is impossible for Damasco to determine if the remaining named Plaintiffs have standing to bring any of the asserted claims against her.

In the same vein, the "common allegations of fact" contained in the Complaint fail to allege that Damasco had any personal knowledge of the planning of any of the events

at the various churches or that she acted out of animus to deprive any of the Plaintiffs of their property rights. Such allegations are necessary to maintain the federal claims that are the foundation of the court's jurisdiction in this case. *see* 42 U.S.C. §1985(3), 42 U.S.C § 1982 and the Thirteenth Amendment of United States Constitution. While Plaintiffs allege generally that Damasco "is a member of Patriot Movement AZ," such a general allegation alone is insufficient to establish that the asserted claims are properly brought against her individually. Even if it is assumed *arguendo* that the asserted claims are properly brought against members of the PMAZ, Plaintiffs have failed to allege any facts that would make Damasco accountable for those members' actions. Instead, Plaintiffs have attempted to lump all Plaintiffs together and all Defendants together in an overgeneralized association. It is unreasonable for Damasco respond to vague allegations against other individuals that she has had limited association with.

**II.  The Complaint Does Not Provide Sufficient Detail For Damasco To Reasonably Respond To The Alleged Claims**

The Complaint generally states that the "Defendants" violated Federal law by infringing on "Plaintiffs" civil rights; however, it does not separate which Plaintiffs rights were violated by Damasco or even specifically allege that Damasco participated in the alleged behaviors that are claimed as violations of Plaintiffs' rights.

28 U.S.C. § 1331 confers upon the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1367 grants supplemental jurisdiction "over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As stated above, the only specific allegation against Damasco in this case is that on one occasion she attended an event with PMAZ. At that event she stood on a public sidewalk near Monte Vista Church where she livestreamed a video of the event on her Periscope. Complaint p. 14 l. 11.  There are no allegations that Damasco trespassed on Monte Vista property. There are no allegations that Damasco prohibited ingress or egress from the property. There are no allegations that Damasco's actions were fueled by animus for a particular race. There are no allegations that Damasco did anything, but film an event that was in plain sight from a public location. Aside from the allegation related to the single event at Monte Vista, there are no allegations that Damasco attended or was even aware of any of the other alleged events cited in the Complaint or that she ever interacted with or even had knowledge of the existence of any of the other named Plaintiffs in this case.

Damasco cannot reasonably respond to the allegations concerning other individuals at events that she did not attend. Similarly, she cannot reasonably respond as to whether the other named Plaintiffs' have proper standing to bring claims against her where all allegations are simply directed at "common allegations" directed generally at "Defendants."

## CONCLUSION

Plaintiff's Complaint is vague and overgeneralized such that it is unreasonable to ask Damasco to respond to the allegations contained therein without providing a more definite statement of the grounds for the claims against her.

WHEREFORE, Defendant Damasco respectfully requests that this Court order that Plaintiffs:

1. Provide a more definite statement as to the specific allegations underlying each claim asserted against Damasco;

2. Provide a more definite statement as to factual basis demonstrating standing for each Plaintiff to bring each asserted claim against Damasco;

3. Provide a more definite statement as to the factual basis establishing jurisdiction of this court over the claims asserted against Damasco;

4. Order such other and further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 30th day of August, 2019.

The Dodds Law Firm, PLC

/s/Tejay Coon
Tejay Coon
Dan R. Dodds;
14239 W Bell Rd, Ste. 108
Surprise, AZ 85374
*Attorneys for Defendant*

1 | ORIGINAL FILED with the Court this 30th day of August, 2019, with
2 |
3 | United States District Court
  | District of Arizona
4 |
  | COPY of the foregoing emailed/mailed
5 | this 30th day of August, 2019, to
6 | Larry J. Wulkan (Bar No. 021404)
  | Javier Torres (Bar No. 0032397)
7 | **STINSON LLP**
  | 1850 North Central Avenue, Suite 2100
8 | Phoenix, Arizona 85004-4584
  | Tel: (602) 279-1600
9 |
10 |
11 | By: /s/Tanya Balkcom