# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley; Magdalena Schwartz, in her individual capacity and as president pastor of Alliance of Christian Leaders of the East Valley; Iglesia Alfa y Omega; Elias Garcia, in his individual capacity and as pastor of Iglesia Alfa y Omega; Iglesia Monte Vista; Angel Campos, in his individual capacity and as pastor of Iglesia Monte Vista; Iglesia Nueva Esperanza; Israel Camacho, in his individual capacity and as pastor of Iglesia Nueva Esperanza; Iglesia Apostolica; Helping With All My Heart, Inc., an Arizona non-profit corporation; Cristobal Perez, in his individual capacity and as pastor of Iglesia Apostolica De La Comunidad; Iglesia Cristiana El Buen Pastor; Hector Ramirez, in his individual capacity and as pastor of Iglesia Cristiana El Buen Pastor; Terence Driscoll,<br><br>                Plaintiffs,<br>v.<br><br>Patriot Movement AZ; AZ Patriots; Jennifer Harrison; Sean Harrison; Lesa Antone; Russell Jaffe; Jeremy Bronaugh; Antonio Foreman; Laura Damasco; Tami Jo Garver; Michael Pavlock; "Brandi Payne"; Jane Roe; "Eduardo Jaime"; John Does 1 & 2,<br><br>                Defendants. | No. 2:19-cv-04347-JJT<br><br>**CONSENT DECREE AS TO DEFENDANTS JEREMY BRONAUGH, JENNIFER HARRISON, EDUARDO JAIME MICHAEL PAVLOCK, AND AZ PATRIOTS** |

CORE/3515773.0002/154601545.1

## **PRELIMINARY RECITALS**

### **Plaintiffs**

1. Alliance of Christian Leaders of the East Valley ("Alliance") is a nonprofit organization comprised of pastors of several Hispanic churches in the Phoenix metropolitan area.

2. Magdalena Schwartz is a pastor and a resident of Mesa, Arizona. Pastor Schwartz is the founder and head pastor of the Alliance as well as the founder of the Academia de Capellania Llamados Para Servir (Academy of Chaplains Called to Serve), a nonprofit organization.

3. Iglesia Alfa y Omega is a bilingual, non-denominational Christian church in Phoenix, Arizona.

4. Elias Garcia is a resident of Phoenix, Arizona, and is the senior pastor of Iglesia Alfa y Omega.

5. Iglesia Monte Vista is a bilingual, cross-cultural Christian church in Phoenix, Arizona.

6. Angel Campos is a resident of Phoenix, Arizona, and is the senior pastor of Iglesia Monte Vista.

7. Iglesia Nueva Esperanza is a bilingual, non-denominational Christian church in Mesa, Arizona.

8. Israel Camacho is a resident of Mesa, Arizona, and is the senior pastor of Iglesia Nueva Esperanza.

9. Iglesia Apostolica De La Communidad is a Spanish-speaking, non-denominational Christian church in Phoenix, Arizona.

10. Cristobal Perez is a resident of Phoenix, Arizona, and is the senior pastor of Iglesia Apostolica De La Communidad.

11. Helping With All My Heart, Inc. is an Arizona non-profit corporation.

12. Pastor Perez is the executive director of Helping With All My Heart. Helping With All My Heart serves the homeless, visits rehabilitation centers, and runs a food bank and jail ministry.

13. Iglesia Cristiana El Buen Pastor is a Spanish-speaking, non-denominational Christian church in Mesa, Arizona.

14. Hector Ramirez is a resident of Mesa, Arizona, and is the senior pastor of Iglesia Cristiana El Buen Pastor.

15. Terence Driscoll is a resident of Phoenix, Arizona.

### Defendants

1. Jeremy Bronaugh is a resident of Goodyear, Arizona.

2. Jennifer Harrison is a resident of Peoria, Arizona.

3. Eduardo Jaime is a resident of Phoenix, Arizona.

4. Michael Pavlock is a resident of Peoria, Arizona.

5. AZ Patriots is an unincorporated association based in Arizona. It was founded on or about February 18, 2019, by Jeremy Bronaugh, Jennifer Harrison, Eduardo Jaime, and Michael Pavlock, who were active members of Patriot Movement AZ until that point.

### Jurisdiction and Venue

6. The subject matter and parties fall under this Court's jurisdiction under 28 U.S.C. § 1331. The Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### DEFINITIONS

7. "Plaintiffs" refers to the individuals and entities described in paragraphs 1–15, above.

8. "Consenting Defendants" refers to the individuals and entities described in paragraphs 16–20, above.

9. "Parties" refers to the Plaintiffs and Consenting Defendants, collectively.

# ORDER

Accordingly, the Parties having freely given their consent, and the terms of the Consent Decree being fair, reasonable, and consistent with the requirements of state and federal law,

**IT IS ORDERED** as follows:

1. The Joint Motion for Approval of Consent Judgment (Doc. 39) is granted.

2. Rather than engage in protracted litigation, the Parties agree to resolve this matter through this Consent Decree.

3. Defendants are permanently enjoined and restrained from:

>  (A) trespassing on, standing, sitting, or lying on, or blocking, impeding, or obstructing ingress or egress from any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same;
>
>  (B) trespassing on, standing, sitting, or lying or being present in or on, blocking, impeding, or obstructing ingress to or egress from any parking lot, driveway, driveway entrance, or walkway entrance to any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same;
>
>  (C) physically abusing, grabbing, touching, pushing, shoving, crowding, or tortiously harassing persons entering or leaving, working at or using the services of any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same;
>
>  (D) using any mechanical loudspeaker or sound amplification device, including, but not limited to, megaphones, bullhorns, and electric amplifiers, or making any excessively loud sound which injures, disturbs, or endangers the health or safety of any person on any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same;
>
>  (E) defacing, vandalizing, or damaging in any way any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same;
>
>  (F) recording, filming, taping, or photographing by any means, including but not limited to cameras or cell phones, any person on any property or building owned or regularly and consistently utilized by Plaintiffs, or directly encouraging others to do the same; if such recording, filming, taping, or photographing is within 50 feet of any boundary of such property or building; and
>
>  (G) stating or implying (or directly encouraging others to do the same) in any public forum, including but not limited to, social media or media interviews, that any Plaintiff is engaged in any form of human trafficking or sex trafficking or harboring fugitives. For purposes of this paragraph,

4

> "stating or implying" includes publishing, republishing, and failing to remove any previously published statement, by either Consenting Defendants or any third party, on any social media account which Consenting Defendants control. To ensure that Consenting Defendants can comply with this provision, Plaintiffs agree to identify and itemize for Consenting Defendants all past known previously published statements, and any social media account controlled by Consenting Defendants, that are within the scope of this Section (G), within 30 days after entry of this Order. Consenting Defendants shall have 30 days from receiving the itemization from Plaintiffs, required above, to remove such previously published statements. Plaintiffs agree to use their best efforts to identify all past known previously published statements. Plaintiffs may amend the notice contemplated in this paragraph upon learning of statements not included in the original notice; Consenting Defendants shall have 30 days from the date of the amended notice to remove such previously published statements. In the event that there is an unresolvable dispute as to whether any statement is within the scope of this Section (G), Plaintiffs may seek an Order from the Court determining the dispute.

4. Defendants shall, jointly, pay Plaintiffs a total of $750.00.

5. Each person found in violation of this Order, in addition to any civil or criminal contempt penalties assessed, shall by jointly and severally liable for actual damages incurred by any and all Plaintiffs injured by the violation, and shall be jointly and severally liable for all attorneys' fees and related costs incurred by any and all Plaintiffs in relation to the enforcement of this Order;

6. Nothing in this Order shall be construed to supersede or diminish the obligation of federal, state, and local law enforcement authorities to fulfill their duties and responsibilities in enforcing federal and state laws and local ordinances.

7. Nothing in this Order shall be construed to limit or interfere with the ability of federal, state, and local law enforcement authorities to take, if necessary, additional measures under the law, above and beyond the restrictions contained in this Order, to maintain order and keep the peace.

8. This Court shall retain jurisdiction of this action for the purposes of assuring compliance with the terms and conditions of this Order, and of entering such further and additional Orders as may be required.

5

9. This Order may be enforced by a motion for contempt, only after providing written notice to counsel for Consenting Defendants and a reasonable opportunity to cure any alleged violation of this Order.

The Clerk is instructed to terminate this action as to Consenting Defendants Jeremy Bronaugh, Jennifer Harrison, Eduardo Jaime, Michael Pavlock, and AZ Patriots.

Dated this_____ day of September, 2019.

_____
Honorable John J. Tuchi
United States District Judge

CORE/3515773.0002/154601545.1