Larry J. Wulkan (Bar No. 021404)
Javier Torres (Bar No. 0032397)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  larry.wulkan@stinson.com
           javier.torres@stinson.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley; Magdalena Schwartz, in her individual capacity and as president pastor of Alliance of Christian Leaders of the East Valley; Iglesia Alfa y Omega; Elias Garcia, in his individual capacity and as pastor of Iglesia Alfa y Omega; Iglesia Monte Vista; Angel Campos, in his individual capacity and as pastor of Iglesia Monte Vista; Iglesia Nueva Esperanza; Israel Camacho, in his individual capacity and as pastor of Iglesia Nueva Esperanza; Iglesia Apostolica; Helping With All My Heart, Inc., an Arizona non-profit corporation; Cristobal Perez, in his individual capacity and as pastor of Iglesia Apostolica De La Comunidad; Iglesia Cristiana El Buen Pastor; Hector Ramirez, in his individual capacity and as pastor of Iglesia Cristiana El Buen Pastor; Terence Driscoll,<br><br>                    Plaintiffs,<br><br>v.<br><br>Patriot Movement AZ; AZ Patriots; Jennifer Harrison; Sean Harrison; Lesa Antone; Russell Jaffe; Jeremy Bronaugh; Antonio Foreman; Laura Damasco; Tami Jo Garver; Michael Pavlock; "Brandi Payne"; Jane Roe; "Eduardo Jaime"; John Does 1 & 2,<br><br>                    Defendants. | No. 2:19-cv-04347-JJT<br><br>**RESPONSE TO DEFENDANT LAURA DAMASCO'S MOTION FOR A MORE DEFINITE STATEMENT** |

Motions for a more definite statement "are not favored" and are "designed to strike at unintelligibility rather than want of detail." *Resolution Trust Corp. v. Dean*, 854 F. Supp. 626, 649 (D. Ariz. 1994). "Indeed, a motion for a more definite statement 'is not a substitute for discovery; if the detail sought is obtainable through discovery, the motion should be denied." *Martirosyan v. Chase Bank USA, N.A.*, No. CV 12-8902-GW(MANX), 2013 WL 12324599, at *5 (C.D. Cal. Jan. 28, 2013)(cleaned up). Nevertheless, Defendant Damasco asks this Court to hold Plaintiffs to a different pleading standard. A complaint need not contain specific allegations about which participants in a conspiracy carried out which part of the plan to deprive a person of their civil rights. That is information typically revealed in discovery. Therefore, the motion should be denied.

**I.    Damasco can easily respond to the complaint.**

The complaint clearly sets forth detailed allegations to which Damasco can respond. Damasco's claims to the contrary are undermined by even a cursory reading of the complaint. For example, she argues that there "are no allegations that Damasco's actions were fueled by animus for a particular race." Doc. 36-1 at 8:9-10. Yet the second paragraph of the complaint states: "Defendants are two unincorporated associations, ***their members***, and their supporters, ***who are motivated***, at least in part, by ***animus against Central Americans and people of color***." Doc. 1 at 2:14-16.

Similarly, Damasco claims that there "are no allegations that Damasco did anything, but film an event that was in plain sight from a public location." Doc. 36-1 at 8:10-11. Yet the complaint alleges that the defendants, including Damasco, went to Monte Vista Church and "using a megaphone . . . accused Pastor Campos [of Monte Vista Church] of being paid to assist Immigrants multiple times, chanted 'shame on you,' and asked 'when are the illegals showing up?'" Doc. 1 at 13:20-22. Finally, Damasco claims that she "cannot reasonably respond to the allegations concerning other individuals at events that she did not attend." Doc. 36-1 at 2:17-18. Yet, that is precisely what Damasco has done in her motion – she has denied that she was at certain events. If Damasco can deny wrongdoing in her motion, certainly she

2

can do so in her answer.

## II. The complaint is detailed and, thus, unlike those ordered to be amended.

Damasco claims that the complaint is a "shotgun" pleading and that Plaintiffs "failed to distinguish which factual allegations support which claims, [and] instead incorporated all factual allegations under each claim without showing how such allegations apply to Damasco (or any particular Defendant)." Doc. 36-1 at 5:8-12. That argument is based on a misreading of the complaint and a misinterpretation of the law.

The complaint explicitly alleges that "Defendants" engaged in multiple forms of wrongdoing, defining "Defendants" to refer to "two unincorporated associations [Patriot Movement AZ and AZ Patriots], their members, and their supporters." Doc. 1 at 2:14-15. Where "Defendants" are alleged to have engaged in wrongdoing, this necessarily includes Damasco, both as an individual, and as part of Patriot Movement AZ. *See* Doc. 1 at 5:25. Such pleading is in line with that found to be sufficient in this Circuit.

For example, in *Fregoso v. Wells Fargo Dealer Servs., Inc.*, No. CV-1110089-SJO-AGRX, 2012 WL 12964899, *1 (C.D. Cal. Mar. 19, 2012), the plaintiff brought suit against multiple defendants for violation of the Federal Credit Reporting Act. *Id*. at *1. One of the defendants moved for a more definite statement, arguing that the complaint "improperly lumps Defendants together, failing to identify which wrongful acts [moving defendant] performed, separate and apart from [non-moving defendant]." *Id*. at *2. The court acknowledged that the complaint made allegations "collectively against 'Defendants,' a term that would include both [moving defendant] and [non-moving defendant]." *Id*. at *3. The court held that these collective allegations were not improper because "this 'lumping together' of Defendants does not create an ambiguity." *Id*. In the words of the *Fregoso* court: "Defendant would have the Court believe that Plaintiff is alleging that only one of the Defendants engaged in this conduct, but is being vague as to which of the two Defendants. Not so. It is clear that Plaintiff is alleging that both of the Defendants engaged in this conduct, and thus there is no ambiguity. [Moving defendant] is perfectly aware of what it is alleged to have done. Not every allegation

3

needs to be alleged against [moving defendant] and [non-moving defendant] separately, especially where Defendants are claimed to have committed the same wrongful act." *Id.*

The *Fregoso* court further noted that "it defies logic to suggest that a plaintiff can never refer to defendants collectively in a complaint." *Id.* at *3 n.2. Here, like in *Fregoso*, Plaintiffs allege that Defendants—all of them—committed the same wrongful acts: conspiracy to violate civil rights, interference with the rights of Plaintiffs to use their property, defamation, false light, appropriation or invasion of the right of privacy, intrusion into a private place, and trespass. Doc. 1 at 20:25-27:1. Plaintiffs further alleges that these defendants "are attempting to prevent Plaintiffs from assisting Immigrants from Central America and Immigrants who are people of color." Doc. 1 at 2:16-17. Here, like in *Fregoso*, Plaintiffs alleged that all of the defendants engaged in the same wrongful conduct. And here, like in *Fregoso*, it "defies logic to suggest" that Damasco cannot respond to the complaint because Plaintiffs "refer to defendants collectively in a complaint." *Fregoso*, 2012 WL 12964899 at *3 n.2.

Similarly, the recent case *Daimler AG v. A-Z Wheels LLC*, 16-CV-875, 2017 WL (S.D. Cal. Nov. 27, 2017) is instructive. In *Daimler AG*, the plaintiff filed a complaint against seven defendants, alleging trademark infringement, design patent infringement, false advertising, false designation of origin, false representation of fact, and unfair competition. *Id.* at *1. The defendants filed a motion for a more definite statement, arguing that the complaint contained "allegations against 'Defendants' generally without specifying which defendant." *Id.* at *3. In denying the motion, the court explained that, while the complaint "contains many allegations against 'Defendants' in general," the allegations "are not so ambiguous or unintelligible that the Defendants cannot prepare a response." *Id.* at *3. Like here, "it is likely any ambiguity will be resolved through discovery." *Id.*

Damasco also argues that "Plaintiffs have not alleged that Damasco was ever aware of, much less violated the rights of, any Plaintiff aside from Monte Vista" and, therefore, "it is impossible for Damasco to determine if the remaining named Plaintiffs have standing to bring any of the asserted claims against her." Doc. 36-1 at 6:19-23. Courts routinely reject this type

4

of argument. *See, e.g., Olaplex LLC v. Groupon, Inc.*, No. CV 18-8641 PA (RAOX), 2019 WL 1034324, at *5 (C.D. Cal. Jan. 25, 2019) ("Plaintiffs' failure to distinguish among themselves . . . is not fatal to the complaint. Any further information that [defendant] desires should be pursued through discovery."); *see also Bancorp Servs., LLC v. Am. Gen. Life Ins. Co.*, No. 14-CV-9687 (VEC), 2016 WL 4916969, at *5 (S.D.N.Y. Feb. 11, 2016) (holding that complaint gave adequate notice to the defendant despite referring to multiple plaintiffs as if they were one).

Damasco relies heavily on *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67, 9 Fla. L. Weekly Fed. C 878 (11th Cir. 1996). Defendant's reliance on this foreign circuit authority is severely misplaced.

First, the *Anderson* decision considered the trial court's denial of a motion for summary judgment on qualified immunity grounds. *Id.* at 367-368. The court made specific note of the fact that the defendant had not filed a motion for more definite statement. *Id.* at 367 ("When, during oral argument, we asked the defendants' attorney why he did not seek a more definite statement, he responded that he chose not to do so as a matter of strategy."). Therefore, any discussion in *Anderson* is *dicta*.

Second, the complaint at issue in *Anderson* was a far cry from the one here. In *Anderson*, the court noted that in the "wherefore" clause of each count, each count alleged that the defendants "violated the due process and equal protection clauses of the Fifth and Fourteenth Amendments to the United States Constitution; 42 U.S.C. Section 1983; Article I, Sections 2 and 9 of the Constitution of the State of Florida, and Rule 6Hx3: 8–28 of the Rules of [Central Florida Community College]," *id.* at 365, and that each count *also* "charge[d] that the defendant or defendants violated the First, Fourth, and Thirteenth Amendments to the Constitution of the United States, Chapters 120 and 240 of the Florida Statutes, Chapter 28 of the Florida Administrative Code, and the Florida law of contracts." *Id*. In other words, the defendant in *Anderson* had no way to distinguish which of the counts alleged violation of which laws, ***because each of the counts alleged violations of the exact same set of laws***. Here,

5

Plaintiffs' complaint sets forth in each count which law was violated by Defendants' conduct. For example, Plaintiffs' count two is titled "Discriminatory Interference With Property," and states clearly "Defendants' conduct violates Plaintiffs' right as citizens to use property free from racial discrimination under 42 U.S.C. § 1982." Doc. 1 at 23:14-15. Damasco is free to deny that she violated this statute; but she cannot reasonably claim that she is unable to form a response. Nothing more is required of Plaintiffs at this stage. *See Martirosyan*, 2013 WL 12324599, at *5 ("a motion for a more definite statement should not be granted unless the defendant can literally not draft a response").

Damasco's motion should be denied.

RESPECTFULLY SUBMITTED this 13th day of September, 2019.

**STINSON LLP**

By: */s/* Javier Torres
Larry J. Wulkan
Javier Torres
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

Attorneys for the Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the District of Arizona by using the CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

>Dan R. Dodds
>Tejay Coon
>THE DODDS LAW FIRM, PLC
>14239 W. Bell Road, Suite 108
>Surprise, AZ  85374
>*Attorneys for Defendants Damasco and Payne*

>Michael D. Curran
>MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
>3200 n. Central Avenue, Suite 1800
>Phoenix, AZ  85012
>*Attorneys for Defendants Bronaugh, Harrison, Jaime, and Pavlock*

By:  */s/ Kathleen Kaupke*

CORE/3515773.0002/154639594.2