**THE DODDS LAW FIRM, PLC**
Dan R. Dodds (#024368)
W. Sean Whitaker (#031269)
**Tejay Coon (#033517)**
14239 W. Bell Rd., Suite 108
Surprise, Arizona 85374
Telephone:   623-544-2980
Facsimile:    623-544-2874
**tejay@doddslaw.com**
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley, *et al.*, <br><br> Plaintiffs, <br><br> v. <br> Patriot Movement AZ; *et al*, <br><br> Defendants. | Civ. No. 2:19-cv-04347- 12-JJT <br><br> MEMORANDUM IN SUPPORT OF FRCP 12(e) MOTION FOR A MORE DEFINITE STATEMENT |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRANDI PAYNE'S MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rule of Civil Procedure 12(e), defendant Brandi Payne ("Payne") requests that this Court order Plaintiffs to provide a more definite statement of their Complaint as it contains ambiguities that prevent Payne from reasonably addressing whether Plaintiffs have standing and whether this court has jurisdiction to hear the claims alleged in this case.

In their Complaint, Plaintiffs claim that Payne conspired to violate civil rights and committed discriminatory interference with property rights in violation of 42 U.S.C. §1985(3), 42 U.S.C § 1982 and the Thirteenth Amendment of United States Constitution.

-1-

Such claims are based on allegations that certain named Defendants coordinated protests at and trespassed on certain properties owned by individual Plaintiffs. Plaintiffs allege that such actions were motivated by racial animus. The claims alleged simply state that "Defendants" violated "Plaintiffs" rights. However, it is clear from the factual allegations set forth in the complaint that not all Defendants were involved in the alleged events and, similarly, not all Plaintiffs had their property rights interfered with.

The Complaint alleges jurisdiction for the above-listed claims under 28 U.S.C. § 1331 based on federal questions of law. The remaining claims contained in the Complaint are Arizona state law claims, which Plaintiffs have brought pursuant 28 U.S.C. § 1367 under a theory of supplemental jurisdiction. If the court does not have proper jurisdiction over the federal claims, then it also would not have jurisdiction to hear the state law claims.

As the Complaint is presently constructed, Payne cannot reasonably respond to whether each of the Plaintiffs has proper standing to maintain the federal claims asserted against her or to determine if the Court has proper jurisdiction over such claims. If such standing or jurisdiction does not exist, then this case should be dismissed as to Payne. Accordingly, the Court should order Plaintiffs to provide a more definite statement regarding the factual basis for their allegations against Payne.

## PROCEDURAL BACKGROUND

1. The complaint was filed on 06/04/19
2. The Summons was issued on 06/19/19

3. An acceptance and waiver of service was signed on: 07/16/19

**PERTINENT FACTS**

1. Plaintiffs are an assorted group of churches, non-profits, corporations and individuals.

2. Defendants are an assorted group of individuals and unincorporated associations.

3. In or around December 2018-January 2019, Payne attended three events organized by the leadership of Patriot Movement AZ ("PMAZ").

4. At no time during any event did Payne intrude upon or attempt to intrude upon any of the Plaintiffs' private property. Upon information and belief, law enforcement was present at the events attended by Payne to ensure that no laws were broken and that all persons involved remained on public property.

5. Payne has never coordinated with other named Defendants to intrude upon the property of any of the Plaintiffs.

**ARGUMENT**

**I.   A More Definite Statement Is Appropriate As The Complaint Is Vague And Ambiguous Such That Payne Cannot Reasonably Prepare A Response To The Claims Against Her.**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading…which is so vague or ambiguous that the party cannot reasonably prepare a response." When a "'defendant is unclear about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard University,* 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois,* 783 F. 2d 716, 725 (7th Cir. 1986)). Although Rule 8(a) only requires a "short and plain statement of the

-3-

claim showing that the pleader is entitled to relief," the complaint must have sufficient detail to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).   A rule 12(e) motion is appropriate for "'shotgun' pleading[s],' [where] it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67, 9 Fla. L. Weekly Fed. C 878 (11th Cir. 1996) (internal citation omitted).

In *Anderson* Plaintiff filed a complaint that failed to adequately distinguish which factual allegations supported the various asserted claims. *Id.* Instead the Plaintiff incorporated all assertions of fact with each claim. The 11th circuit stated:

> "Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement. Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of "the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."

In this case, Plaintiffs similarly filed a "shotgun pleading" in that they failed to distinguish which factual allegations support which claims, but instead incorporated all factual allegations under each claim without showing how such allegations apply to Payne (or any particular Defendant). As such, the Court should grant this motion for a

more definite statement requiring Plaintiffs to allege more specifically which factual allegations in the complaint support the various claims against Payne specifically.

Plaintiffs' Complaint as it is currently constructed is overgeneralized and vague to the extent that it is impossible for Payne to determine the grounds upon which each claim against her rests. *See* Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Indeed, the Complaint fails to assert any factual basis for the claims brought by most of the Plaintiffs against Payne. Instead the Complaint rests on "common allegations of fact," which outline events that, if true, may be sufficient to establish some claims by some of the Plaintiffs against some of the Defendants. However, even if taken as true, the few allegations against Payne fail to provide even facial grounds for the claims brought against her by each of the Plaintiffs. As such, Payne cannot reasonably respond to the Complaint where there are insufficient grounds for her to even determine basic tenets of litigation such as standing, jurisdiction and venue. The Court should require that Plaintiffs provide a more definitive statement regarding the basis for standing, jurisdiction and venue as it relates specifically to Payne.

The only specific allegations related to Payne are that she attended three events organized by PMAZ between the last week of December 2018 and the first week of January 2019. Only one such event, a January 5, 2019 visit to Alpha y Omega, is set forth with any detail. *See Complaint* p. 11 ll. 129-133. Allegedly, during that event individuals shouted protests at pastors, ICE officials and illegal immigrants, while standing on a public sidewalk next to Alpha y Omega's parking lot. Id.

While Plaintiffs have alleged that other named Defendants have attended events and potentially trespassed at other churches, they have not alleged that Payne participated in any way in any of those separate events. Plaintiffs have not even asserted that Payne was involved in any way with AZ Patriots or any of their alleged actions. Payne cannot reasonably respond regarding allegations related to other individuals' and groups' actions of which she has no knowledge. The Court should require Plaintiffs to provide a more definite statement as to factual basis for each claim by each Plaintiff against Payne.

Similarly, Plaintiffs have not alleged that Payne was ever aware of, much less violated the rights of, any Plaintiffs aside from Alpha y Omega. As such, it is impossible for Payne to determine if the remaining named Plaintiffs have standing to bring any of the asserted claims against her.

In the same vein, the "common allegations of fact" contained in the Complaint fail to allege that Payne had any personal knowledge of the planning of any of the events at the various churches or that she acted out of animus to deprive any of the Plaintiffs of their property rights. Such allegations are necessary to maintain the federal claims that are the foundation of the court's jurisdiction in this case. *See* 42 U.S.C. §1985(3), 42 U.S.C § 1982 and the Thirteenth Amendment of United States Constitution.

While Plaintiffs allege generally that Payne "is a member of Patriot Movement AZ," such a general allegation alone is insufficient to establish that the asserted claims are properly brought against her individually. Even if it is assumed *arguendo* that the asserted claims are properly brought against members of the PMAZ, Plaintiffs have failed to allege any facts that would make Payne accountable for those members' actions.

Instead, Plaintiffs have attempted to lump all Plaintiffs together and all Defendants together in an overgeneralized association. It is unreasonable for Payne to respond to vague allegations against other individuals with whom she has had only a limited association.

## II. The Complaint Does Not Provide Sufficient Detail For Payne To Reasonably Respond To The Alleged Claims

The Complaint generally states that the "Defendants" violated Federal law by infringing on "Plaintiffs" civil rights; however, it does not separate which Plaintiffs rights were violated by Payne or even specifically allege that Payne participated in the alleged behaviors that are claimed as violations of certain Plaintiffs' rights.

28 U.S.C. § 1331 confers upon the district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1367 grants supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

As stated above, the only specific allegations against Payne in this case is that on one occasion she attended an event at Alpha y Omega, which event was organized by PMAZ. Allegedly, at that event individuals shouted protests against illegal immigration directed at Pastor Elias Garcia, unnamed volunteers, unnamed ICE employees and unnamed illegal immigrants from a public sidewalk that was next to the parking lot that is part of church. *See Complaint* p. 11 ll. 129-133.

There are no allegations that Payne trespassed on Alpha y Omega's property. There are no allegations that Payne prohibited ingress or egress from the property. There are no allegations that Payne's actions were fueled by animus for a particular race. There are no allegations that Payne did anything but attend an event where protesting took place from public sidewalk. Aside from the allegations related to the single event at Alpha y Omega, it is alleged that Payne attended two other events; however, the Complaint does not set forth where those events took place or what about the events gives rise to the federal claims against Payne. The Complaint does not establish that Payne even had knowledge of most of the Plaintiffs existence, let alone that she violated their rights in any way.

Payne cannot reasonably respond to the allegations concerning other individuals at events that she did not attend. Similarly, she cannot reasonably respond as to whether the other named Plaintiffs have proper standing to bring claims against her where all allegations are simply "common allegations" directed generally at "Defendants."

## CONCLUSION

Plaintiffs' Complaint is vague and overgeneralized such that it is unreasonable to ask Payne to respond to the allegations contained therein without providing a more definite statement of the grounds for the claims against her.

WHEREFORE, Defendant Payne respectfully requests that this Court order that Plaintiffs:

1. Provide a more definite statement as to the specific allegations underlying each claim asserted against Payne;

2. Provide a more definite statement as to factual basis demonstrating standing for each Plaintiff to bring each asserted claim against Payne;

3. Provide a more definite statement as to the factual basis establishing jurisdiction of this court over the claims asserted against Payne;

4. Order such other and further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED this 16th day of September, 2019.

The Dodds Law Firm, PLC

/s/Tejay Coon
Tejay Coon
Dan R. Dodds;
14239 W Bell Rd, Ste. 108
Surprise, AZ 85374
***Attorneys for Defendant***

ORIGINAL FILED with the Court
this 16th day of September, 2019, with

United States District Court
District of Arizona

COPY of the foregoing emailed/mailed
this 16th day of September, 2019, to

Larry J. Wulkan (Bar No. 021404)
Javier Torres (Bar No. 0032397)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600

By: /s/Tanya Balkcom