Larry J. Wulkan (Bar No. 021404)
Javier Torres (Bar No. 0032397)
**STINSON LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  larry.wulkan@stinson.com
             javier.torres@stinson.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley; Magdalena Schwartz, in her individual capacity and as president pastor of Alliance of Christian Leaders of the East Valley; Iglesia Alfa y Omega; Elias Garcia, in his individual capacity and as pastor of Iglesia Alfa y Omega; Iglesia Monte Vista; Angel Campos, in his individual capacity and as pastor of Iglesia Monte Vista; Iglesia Nueva Esperanza; Israel Camacho, in his individual capacity and as pastor of Iglesia Nueva Esperanza; Iglesia Apostolica; Helping With All My Heart, Inc., an Arizona non-profit corporation; Cristobal Perez, in his individual capacity and as pastor of Iglesia Apostolica De La Comunidad; Iglesia Cristiana El Buen Pastor; Hector Ramirez, in his individual capacity and as pastor of Iglesia Cristiana El Buen Pastor; Terence Driscoll,<br><br>                      Plaintiffs,<br>v.<br>Patriot Movement AZ; AZ Patriots; Jennifer Harrison; Sean Harrison; Lesa Antone; Russell Jaffe; Jeremy Bronaugh; Antonio Foreman; Laura Damasco; Tami Jo Garver; Michael Pavlock; "Brandi Payne"; Jane Roe; "Eduardo Jaime"; John Does 1 & 2,<br><br>                      Defendants. | No. 2:19-cv-04347-JJT<br><br>**RESPONSE TO DEFENDANT BRANDI PAYNE'S MOTION FOR A MORE DEFINITE STATEMENT** |

CORE/3515773.0002/154987096.3

Defendant Brandi Payne's motion for more definite statement is largely duplicative of the motion filed by Defendant Laura Damasco, who is represented by the same counsel. Plaintiffs' response to Defendant Damasco's motion sets forth the relevant law. *See* Doc. 41. To preserve judicial resources, that response is incorporated herein; this response only addresses the factual allegations and arguments specific to Defendant Payne.

Payne complains that although "she attended three events" which are the subject of the complaint, "only one is set forth with any detail." Doc. 42 at 5:18-22. But matters which are discoverable are not a proper basis for granting a motion for a more definite statement. *See, e.g., Olaplex LLC v. Groupon, Inc.*, No. CV 18-8641 PA (RAOX), 2019 WL 1034324, at *5 (C.D. Cal. Jan. 25, 2019) ("Any further information that [defendant] desires should be pursued through discovery.") (denying motion for more definite statement); *Daimler AG v. A-Z Wheels LLC*, 16-CV-875, 2017 WL (S.D. Cal. Nov. 27, 2017) (denying motion where "it is likely any ambiguity will be resolved through discovery.").

Payne further complains that the complaint lacks detail as to her. But even a cursory reading of the complaint dispatches this argument. Payne claims that the complaint does not allege that Payne's actions were fueled by racial animus. Doc. 42 at 6:16, 8:2-3. Yet the complaint alleges that "Defendants are two unincorporated associations, ***their members***, and their supporters, ***who are motivated***, at least in part, by ***animus against Central Americans and people of color***." Doc. 1 at 2:14-16. Similarly, Payne claims that there "are no allegations that Payne trespassed" Plaintiffs' property. Doc. 42 at 8:1. Yet the complaint states that "Defendants did not leave church property until after" the police were called. Doc. 1 at 11:25-26.

Payne claims that "there are no allegations that Payne did anything but attend an event where protesting took place." Doc. 42 at 8:3-5. Yet the complaint alleges that the "event" in question – Defendants' actions at Alfa y Omega Church on December 5, 2018 – was anything but a "protest." The complaint alleges that Defendants, specifically including Payne, "yelled ***insults*** at the church, Pastor Garcia, church members, volunteers, and donors," yelled that the

2

"churches are complicit in **_human and child trafficking_**," and "you are breaking our laws, **_criminals_**." Doc. 1 at 11:11-18. As set forth in the complaint, these are not the words of protest, they are violations of law. Doc. 1 at 23:24-27 ("Sex and human trafficking are crimes of moral turpitude and implying that Plaintiffs engaged in these practices on their face brings Plaintiffs into disrepute, contempt, or ridicule or subjects them to impeachment of their honesty, integrity, virtue, or reputation."); *id.* at 23:6-9 ("Plaintiffs have put up no trespassing signs and caution tape around their property; hired security guards to monitor their property; stopped publicizing activities held on their property; and begun screening volunteers and visitors to their property as a result of Defendants' conduct."); *id.* at 24:28 ("Defendants' wrongful conduct constitutes false light under Arizona law."). Furthermore, Payne disregards that the complaint alleges that Defendants, specifically including Payne, "filmed Immigrants as they exited the bus and zoomed in on children's faces." Doc. 1 at 11:19-20. Payne is free to deny – as she has already done in her motion – that she was at certain events, or that her actions were unlawful. But it is not true that she is unable to set forth any response at all.

Payne also complains that there are no allegations in the complaint that she "prohibited ingress or egress" from Alfa y Omega Church. Doc. 42 at 8:2. But the causes of action set forth in the complaint do not require any such allegations.

Like Damasco, Payne claims that the complaint is a "shotgun" pleading, Doc. 42 at 4:22-25. But as shown in Plaintiff's previous brief, Plaintiffs' complaint contains sufficient factual detail, and any ambiguities can be resolved via discovery. *See generally* Doc. 41; *Olaplex*, 2019 WL 1034324, at *5 ("Plaintiffs' failure to distinguish among themselves . . . is not fatal to the complaint."); *Daimler AG v. A-Z Wheels LLC*, 16-CV-875, 2017 WL at *3 (S.D. Cal. Nov. 27, 2017) (while complaint contained "many allegations against 'Defendants' in general," denying motion because allegations "are not so ambiguous or unintelligible that the Defendants cannot prepare a response.").

Finally, Payne concedes that the complaint alleges she "attended three events organized by PMAZ between the last week of December 2018 and the first week of January 2019," but

3

claims that only "one such event, a January 5, 2019 visit to Alpha y Omega, is set forth with any detail." Doc. 42 at 5:18-22. Yet even a cursory reading of the complaint shows that "events" of the last week of December, 2018, are described in detail. *See* Doc. 1 at 12:17-14:10 (factual allegations regarding December 28, 2018 through December 31, 2018). Again, Payne can form a response to the allegations. That she chose not to is no reason to grant her motion.

Payne's Motion is meritless. Payne is free to deny that she violated the law; but she cannot reasonably claim that she is unable to form a response. Nothing more is required of Plaintiffs at this stage. Payne's motion should be denied.

RESPECTFULLY SUBMITTED this 30th day of September, 2019.

**STINSON LLP**

By: */s/* Javier Torres
Larry J. Wulkan
Javier Torres
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

Attorneys for the Plaintiffs

4

CORE/3515773.0002/154987096.3

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2019, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the District of Arizona by using the CM/ECF System. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system:

>Dan R. Dodds
>Tejay Coon
>THE DODDS LAW FIRM, PLC
>14239 W. Bell Road, Suite 108
>Surprise, AZ  85374
>*Attorneys for Defendants Damasco and Payne*
>
>Michael D. Curran
>MAYNARD CRONIN ERICKSON CURRAN & REITER, P.L.C.
>3200 N. Central Avenue, Suite 1800
>Phoenix, AZ  85012
>*Attorneys for Defendants Bronaugh, Harrison, Jaime, and Pavlock*
>
>Edward A. Rose, Jr.
>One Harbour Square
>3027 Marina Bay Drive, Suite 208
>League City, TX  77573
>*Attorneys for Defendants Antone, Jaffe, and Patriot Movement AZ*

By: */s/ Kathleen Kaupke*