IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alliance of Christian Leaders of the East Valley, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Patriot Movement AZ, *et al.*, <br><br> Defendants. | No. CV-19-04347-PHX-JJT <br><br> **ORDER** |

At issue is Defendant Brandi Payne's Motion For A More Definite Statement (Doc. 42, Mot.), to which Plaintiffs filed a Response (Doc. 47).[1] For the reasons that follow, the Court denies Defendant's Motion.

Plaintiffs are various churches, pastors, and other individuals, as well as a nonprofit organization comprised of pastors, who help immigrants, asylum seekers, and refugees after they are released from Immigration and Customs Enforcement (ICE) custody. (Doc. 1, Compl. at 2.) Defendants are two unincorporated associations, Patriots Movement AZ and AZ Patriots, and numerous individuals, including Payne. Plaintiffs allege that Defendants have interfered with their activities and the assistance they provide to immigrants by trespassing, harassing, yelling, and intimidating both Plaintiffs and the immigrants. (Compl. at 2.) Defendant Payne now moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

---

[1] Defendant Laura Damasco also filed a Motion For A More Definite Statement (Doc. 36), which the Court resolves by separate Order. The remaining Defendants have either settled, been dismissed, or have not yet responded to the Complaint.

1   Rule 12(e) motions are generally disfavored and rarely granted. *Martinez v. United States*, No. 13-CV-955-TUC-CKJ, 2014 WL 5792330, at *2 (D. Ariz. Nov. 6, 2014). This is because they are "restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *All. Labs, LLC v. Stratus Pharm., Inc.*, No. 12-CV-00927-JWS, 2013 WL 273404, at *1 (D. Ariz. Jan. 24, 2013). Thus, a court should deny such a motion if the complaint is specific enough to notify a defendant of the substance of the claim being asserted or if the detail sought by the motion is obtainable through discovery. *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1190–91 (E.D. Cal. 2010).

The Complaint specifically lists Payne by name three times. It alleges that she is a member of Patriot Movement of AZ and visited Plaintiff churches with other members of Patriot Movement AZ on at least three occasions, and provides detail for one of those visits, the January 5, 2019, incident at Iglesia Alpha y Omega. (Compl. at 5–6, 11–12.) Payne argues that the Complaint is "overgeneralized and vague to the extent that it is impossible for [her] to determine the grounds upon which claim against her rests." (Mot. at 5.) She claims that these "few allegations . . . fail to provide even facial grounds for the claims" brought against her and that she therefore cannot reasonably respond to the Complaint. (Mot. at 5.)

Yet, despite specifically naming Payne only a few times, the Complaint detailed what the "Defendants" did while at Iglesia Alpha y Omega. It first stated that Payne and several other named individuals arrived at the church, but then referred to them collectively as "Defendants" for the remainder of that section of the Complaint. It alleged that those Defendants (1) stood on the sidewalk, which is church property; (2) yelled insults at the church, pastor, church members, volunteers, and donors; (3) yelled "These churches are complicit in human and child trafficking" and "This is the United States of America and you are breaking our laws, criminals;" (4) filmed immigrants, including children, as they arrived at the church; and (5) refused to leave until police showed up. (Compl. at 11–12.)

The Complaint also contains a section of "Common Allegations of Facts" in which it refers to "Defendants" generally. That section states that Defendants went to and

trespassed onto churches where ICE drops off immigrants and yelled at Plaintiffs and other people working at those churches. (Compl. at 8–9.) It alleges Defendants filmed Plaintiffs and the immigrants they help and posted the videos online, sometimes including names and contact information of Plaintiffs and encouraging others to contact them. (Compl. at 9.) Plaintiffs allege that these actions amounted to a "campaign of harassment" against them and interfered with their ability to assist immigrants. (Compl. at 10.) Because of this, Plaintiffs have adopted security measures, hung no trespassing signs, and have lost volunteers and donations. (Compl. at 10–11.)

Incorporating the above allegations, the Complaint asserts seven counts against Defendants generally: (1) conspiracy to violate civil rights; (2) discriminatory interference with property; (3) defamation; (4) false light; (5) appropriation or invasion of Plaintiffs' right of publicity; (6) intrusion into a private place; and (7) trespass. (Compl. 20–27.)

Defendant maintains that the Complaint fails to specify which of Payne's actions are tied to which claims for relief alleged by which Plaintiffs. While the Court agrees that these gaps must ultimately be filled to establish liability against Defendant, this present lack of detail is an inappropriate ground for granting a motion under Rule 12(e). *See All. Labs*, 2013 WL 273404, at *1. Further, the Court finds that the specific allegations against Payne mirror some of the general allegations of facts and claims for relief against "Defendants" collectively, such that Payne has notice of the claims against her and can reasonably respond[2] to the Complaint.

**IT IS THEREFORE ORDERED** denying Defendant Brandi Payne's Motion for More Definite Statement (Doc. 42).

Dated this 30th day of October, 2019.

_____
Honorable John J. Tuchi
United States District Judge

---

[2] Per Rule 8(b), Payne is free to deny an allegation in the Complaint or otherwise state that she lacks sufficient information to form a belief about the truth of an allegation.